[704 NYS2d 102]

In the Matter of MICHAEL L. PREVITO, an Attorney, Resignor.

Second Department, February 28, 2000

## APPEARANCES OF COUNSEL

*Grace D. Moran,* Syosset (*Edward J. Tini* of counsel), for Grievance Committee for the Tenth Judicial District.

*Bee, Eisman & Ready,* Mineola (*Steven J. Eisman* of counsel), for resignor.

## OPINION OF THE COURT

Per Curiam.

Michael L. Previto has submitted an affidavit, dated December 13, 1999, wherein he tenders his resignation as an attorney and counselor-at-law (22 NYCRR 691.9). Mr. Previto was admitted to the practice of law at a term of the Appellate Divi-

sion of the Supreme Court in the Second Judicial Department on September 12, 1984.

Mr. Previto acknowledged that the Grievance Committee has adduced evidence of professional misconduct on his part which would be the subject of a disciplinary proceeding. Mr. Previto was retained in or about the Spring of 1998 to represent John Maiorano as the plaintiff in a divorce action against Deborah Maiorano. On or about February 25, 1999, Mr. Previto filed three documents with the Supreme Court, Nassau County: an affidavit; a sworn "Statement of Barriers of Marriage," dated February 24, 1999; and a stipulation of settlement dated July 13, 1998, all of which contained the forged signature of Deborah Maiorano. At the time Mr. Previto submitted these documents, he did so with the knowledge that the signatures were forged and with the intent to defraud and deceive another, and caused the court to act upon the forged documents.

As a result of these actions, the respondent was arrested on September 9, 1999 and charged with three counts of criminal possession of a forged instrument in the second degree, a class D felony. Mr. Previto maintains that he is currently involved in plea negotiations with the Nassau County District Attorney.

Mr. Previto avers that his resignation is freely and voluntarily rendered and that he has not been subjected to coercion or duress by anyone. He has discussed his decision to resign with his attorney and others whose advice and counsel he respects and is fully aware of the implications of submitting a resignation, including being barred from seeking reinstatement for at least seven years.

Mr. Previto acknowledges that he cannot successfully defend himself on the merits of any disciplinary charges which might be initiated against him by the Grievance Committee based upon the facts and circumstances of his professional misconduct. He is further aware that pursuant to Judiciary Law § 90 (6-a), the Court, in any order accepting the proffered resignation, could require monetary restitution to any person whose money or property was misappropriated or misapplied or to reimburse the Lawyers' Fund for Client Protection for same. Mr. Previto expressed his awareness that any order permitting him to resign could be entered as a civil judgment against him and he specifically waives the opportunity afforded him by Judiciary Law § 90 (6-a) (f) to be heard in opposition thereto.

The Grievance Committee supports the Court's acceptance of the proffered resignation.

Inasmuch as the proffered resignation complies with all appropriate Court rules, it is accepted. Effective immediately,

Mr. Previto is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law.

MANGANO, P. J., BRACKEN, RITTER, SANTUCCI and GOLDSTEIN, JJ., concur.

Ordered that the resignation of Michael L. Previto is accepted and directed to be filed; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Michael L. Previto is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that Michael L. Previto shall promptly comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Michael L. Previto is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law.